IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS UNION, LOCAL 420 WELFARE FUND, STEAMFITTERS UNION, LOCAL 420 PENSION FUND, STEAMFITTERS UNION, LOCAL 420 SUPPLEMENTAL RETIREMENT PLAN, STEAMFITTERS UNION, LOCAL 420 APPRENTICESHIP TRAINING FUND, SCHOLARSHIP FUND OF STEAMFITTERS LOCAL UNION NO. 420, STEAMFITTERS UNION, LOCAL 420 INDUSTRY ADVANCEMENT FUND, and LOCAL UNION NO. 420 PIPING INDUSTRY POLITICAL AND EDUCATION FUND 14420 Townsend Road Philadelphia, PA 19154, <br><br> and <br><br> LOCAL UNION NO. 420 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA 14420 Townsend Road Philadelphia, PA 19154, <br><br> Plaintiffs, <br> v. <br><br> DEVINE BROTHERS, INC. 600 Clark Avenue King of Prussia, PA 19406, <br><br> and <br><br> DYNAMIC CONTROLS SYSTEMS, INC. 600 Clark Avenue King of Prussia, PA 19406, <br><br> and | CIVIL ACTION <br> NO.   21-3188 |

RICHARD E. DEVINE, JR.  :
c/o Devine Brothers, Inc.  :
600 Clark Avenue  :
King of Prussia, PA 19406,  :
                                         :
        Defendants.  :

## COMPLAINT

Steamfitters Union Local No. 420 Welfare Fund (hereinafter "Welfare Fund"), Steamfitters Union Local No. 420 Pension Fund (hereinafter "Pension Fund"), Steamfitters Union Local No. 420 Supplemental Retirement Plan (hereinafter "SRP"), Steamfitters Union Local No. 420 Apprenticeship Training Fund (hereinafter "Apprenticeship Fund"), Scholarship Fund of the Steamfitters Local Union No. 420 (hereinafter "Scholarship Fund"), Steamfitters Union Local 420 Industry Advancement Fund (hereinafter "Industry Advancement Fund"), Local Union No. 420 Piping Industry Political And Education Fund (hereinafter the "PIPE Fund"), and the Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter the "Union") for their Complaint herein respectfully allege as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b), and (c) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b), and (c), respectively, and §301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because all of the Plaintiffs and the Defendants have offices in Pennsylvania.

## PARTIES

3. At all times relevant hereto, Plaintiffs Welfare Fund, Pension Fund, SRP, Apprenticeship Fund, and Scholarship Fund (hereinafter collectively, the "ERISA Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2), and (3).

4. Plaintiff Industry Advancement Fund is a fund created for the purpose of fostering and advocating the interests of the servicing industry in the air conditioning and refrigeration fields.

5. Plaintiff PIPE Fund is an unincorporated association established pursuant to 2 U.S.C. § 431 et. seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election, and/or appointment of individuals for political office.

6. Plaintiff Union is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of certain employees of Defendant Devine Brothers, Inc., Inc. (hereinafter "Devine Bros." or "Employer") who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6), and (7), 185(a) and 1002 (4), (11), and (12).

7. The ERISA Funds, the Industry Advancement Fund, PIPE Fund, and the Union maintain their principal places of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

8. Defendant Devine Bros. is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6), and (7), 1002(5), (11), and (12) which maintains the business address listed in the caption.

9. Defendant Dynamic Control Systems, Inc. (hereinafter Dynamic") is an alter-ego and/or joint employer with Defendant Devine Bros.

10. Defendant Richard E. Devine, Jr. (hereinafter "Richard Devine") is the President and Treasurer of the Defendant Devine Bros.

11. Defendant Richard E. Devine, Jr. is also the President and Treasurer of Dynamic.

## BACKGROUND

11. Defendant Devine Bros. was and is bound by a series of collective bargaining agreements between the Mechanical Contractors Association of Eastern Pennsylvania, Inc. ("MCA") or its successor,[1] and the Union, including the collective bargaining agreement between the MCA and Union that was effective between May 1, 2014, and April 30, 2017 ("2014 MCA CBA"), and the agreement that was effective between May 1, 2017, and April 30, 2020 ("2017 MCA CBA"),. A true and correct copy of the 2014 MCA CBA is attached hereto as Exhibit A. A true and correct copy of the 2017 MCA CBA is attached hereto as Exhibit B.

12. Defendant Devine Bros. was and is bound by a series of collective bargaining agreements between the Servicing Contractors Association of Greater Delaware Valley, Inc. ("SCA") or its successor, and the Union, including the collective bargaining agreement between the SCA and Union that was effective between May 15, 2014, and May 14, 2017 ("2014 SCA

---

[1] On April 20, 2017, the MCA and SCA merged to form the Mechanical & Service Contractors Association of Eastern Pennsylvania, Inc. However, the merged entity continued to negotiate separate collective bargaining agreements with the Union, one covering mechanical/construction work, and the other covering servicing work.

4

CBA"), and the agreement that was effective between May 15, 2017, and May 14, 2020 ("2017 SCA CBA"),. A true and correct copy of the 2014 SCA CBA is attached hereto as Exhibit C. A true and correct copy of the 2017 CBA is attached hereto as Exhibit D.

13. Pursuant to the 2014 MCA CBA, the 2017 MCA CBA, the 2014 SCA CBA, and the 2017 SCA CBA (collectively the "CBAs"), Devine Bros. agreed:

(a) to make full and timely payments to the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union;

(b) to file monthly remittance reports with the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union listing all employees for whom contributions were due under the collective bargaining agreement and the total number of hours each such employee worked during that month;

(c) to produce, upon request by the ERISA Funds, Industry Advancement Fund, PIPE Fund, and/or the Union, individually or jointly, all books and records deemed necessary to conduct an audit of the Employer's record concerning its obligations to the Funds, the Association, and/or the Union; and

(d) to pay interest, liquidated damages, audit fees, and all costs of litigation, including attorneys' fees expended by the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

14. Pursuant to Article VII, Section 3 of the 2014 and 2017 MCA CBAs, the term and conditions of those CBAs are applicable to all jobsite work as therein defined which Devine Bros. performed under its own name or under the name of another, as a corporation, company,

partnership, or any other business entity, wherein Devine Bros. through its officers, directors, partners or shareholders, exercises control of labor policies of such other entity.

15. Devine Bros., through its officers, directors, partners or shareholders, exercises control of labor policies of Dynamic Controls.

## COUNT ONE
## DELINQUENT CONTRIBUTIONS
### Plaintiffs v. Devine Bros.

16. The above paragraphs are incorporated herein by reference as though duly set forth at length.

17. The Plaintiffs conducted a payroll audit of Devine Bros.'s contributions due between January 1, 2017, and December 31, 2018.. The audit identified a total of $427,594.02 that was due: $268,342.68 principal delinquency, $53,668.46 liquidated damages, and $105,582.88 interest as of December 31, 2020. A true and correct copy of Auditor's findings is attached hereto as Exhibit E.

18. Article IX, Section 1 of both the 2014 MCA CBA and the 2017 MCA CBA state that employers who are covered by those contracts also agree to "be bound by the… rules and regulations" adopted by the Funds. (Exhibit A, p. 19; Exhibit B, p. 18) Likewise, Article IX, Section 5 of both the 2014 SCA CBA and the 2017 SCA CBA state that employers who are covered by those contracts also agree to "adopt and agree to be bound by … all rules and regulations adopted" by the Funds. (Exhibit C, p. 25; Exhibit D, p. 26)

19. Pursuant to those provisions, the ERISA Funds, the Industry Advancement Fund, the PIPE Fund, and the Union jointly adopted a Policy for Collection of Delinquent Contributions, Payroll Audits, Refund of Mistaken Contributions, Bonding and Contributions by Owners

("Delinquency Policy"). A true and correct copy of the delinquency policy is attached hereto as Exhibit F.

20. Section 4, paragraph 7 of the Delinquency Policy states that if a payroll audit reveals "a pattern of substantial underpayment," the Trustees of the Funds may, at their sole discretion, require the contributing employer to pay for the cost of the audit. (Exhibit F, p. 6)

21. Because of the substantial amounts found to be due by the Employer in the payroll audit, the Fund Trustees concluded this constituted a pattern of substantial underpayment and that the Employer is thus liable for the audit fees.

22. Plaintiffs provided Defendant Devine Bros. with a copy of the auditor's findings and provided it with an opportunity to respond and to provide additional documentation to challenge the auditor's findings.

23. Defendant Devine Bros. failed and/or refused to timely provide an adequate response or to supply documentation that any of the auditor's findings were not correct.

24. On May 11, 2021, Plaintiffs, through their attorney, sent a copy of the auditor's findings to Devine Bros. and demanded payment of the amounts identified in the audit report, as well as $20,980.00 in audit fees., within thirty days. A true and correct copy of the May 11, 2021 letter is attached hereto as Exhibit G.

25. Defendants failed and refused to pay the amounts demanded in the May 11, 2021 letter.

26. Notwithstanding the repeated demands for payment, to date, Devine Bros. has not paid any of the amounts found to be due by the payroll audit, interest, liquidated damages, or audit fees on those amounts.[2]

27. Devine Bros.'s refusal to pay breaches the terms of the CBAs and constitutes a delinquency under ERISA, 29 U.S.C. § 1145.

28. In addition to the delinquent principal, Employer owes interest, liquidated damages, attorneys' fees and costs, and audit fees pursuant to 29 U.S.C. §1132(g)(2), Article IX, Section 8 of the 2014 MCA CBA (Exhibit A, p. 22), and 2017 MCA CBA (Exhibit B, p. 21), and Article X, Section 2 of the 2014 SCA CBA (Exhibit C, p. 27), and 2017 SCA CBA (Exhibit D, p. 28).

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment in favor of the Plaintiffs and against Devine Bros. in the amount of $268,342.68 for unpaid principal contributions, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(A);

(2) Enter judgment in favor of the Plaintiffs and against Devine Bros. for interest which will include $105,582.88, plus such other interest that has and will accrue after December 31, 2020, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against Devine Bros. for $53,668.46 in liquidated damages pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(C)(ii);

(4) Enter judgment in favor of the Plaintiffs and against Devine Bros. for attorneys' fees and costs, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(D);

(5) Enter judgment in favor of Plaintiffs and against Devine Bros. for $20,980.00 in audit fees pursuant to the CBAs, the Delinquency Policy, and 29 U.S.C. §1132(g)(2)(E); and

---

[2] On June 22, 2021, Devine Bros. submitted a check for $50,000.00 to be held in escrow by the Plaintiffs until the delinquency revealed by the audit is resolved. To date, that amount remains in escrow and has not been applied to any portion of the delinquency.

8

(6) Grant any other further relief the court finds just and proper.

## COUNT TWO
## DELINQUENT CONTRIBUTIONS
## ERISA Funds v. Richard Devine

29. The above paragraphs are incorporated herein by reference as though duly set forth at length.

30. Article IV, Section 1(g) of the Pension Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the Welfare Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the SRP's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(f) of the Apprenticeship Fund's Trust Agreement, as amended on March 3, 2008, and Article X, Section F of the Scholarship Fund's Trust Agreement, as amended on March 3, 2008, (collectively, the "Trust Agreements") define Fund assets as follows:

> Fund Assets means: (1) such sums of money that have been or will be paid, or which are due and owing to the Fund by covered Employers as required by Collective Bargaining Agreements of Participation Agreements...

True and correct copies of the above quoted pages from the Trust Agreements are attached hereto as Exhibit H.

31. Devine Bros. is a "covered Employer" within the meaning of the Trust Agreements as it is a signatory to a collective bargaining agreement that requires it to contribute to the various ERISA Funds.

32. As an owner and/or officer of the Employer, Defendant Richard Devine was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the ERISA Funds. In that capacity, Richard Devine exercised control

9

over the disposition of monies that became plan assets immediately upon the monthly contribution due date.

33.   Defendant Richard Devine maintained both formal and practical authority to direct that proper contributions be paid to the ERISA Funds at all times relevant hereto.

34.   Defendant Richard Devine exercised authority and control over the management and disposition of the ERISA Funds' assets.

35.   As a result of exercising control and management over the ERISA Funds' assets, Defendant Richard Devine is a fiduciary under ERISA.

36.   Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. §1104(a)(1).

37.   A fiduciary who uses plan assets to satisfy other personal or business obligations breaches his/her fiduciary duty under ERISA.

38.   Because Defendant Richard Devine willfully and intentionally used the ERISA Funds' plan assets contained within his personal accounts and the accounts of Devine Bros. for purposes other than the exclusive purpose of providing benefits to the ERISA Funds' participants and beneficiaries, Richard Devine breached his fiduciary duty to the ERISA Funds.

39.   Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets by the plan fiduciary[.]" 29 U.S.C. §1109(a).

40. Of the principal delinquency claimed in Count One, $248,748.03 is due to the ERISA Funds.

41. Defendant Richard Devine is jointly and severally liable with Devine Bros. for the $248,748.03 in principal contributions due to the ERISA Funds, as well as interest, liquidated damages, attorneys' fees and costs, and audit fees thereupon.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Defendant Richard Devine is a fiduciary of the ERISA Funds by virtue of his exercise of control of plan assets and that Richard Devine be found in breach of his fiduciary duties;

(2) Enter judgment in favor of the ERISA Funds and against Defendant Richard Devine, jointly and severally with Devine Bros., for $248,748.03 of the principal amounts awarded in Count One, plus interest, liquidated damages, attorneys' fees and costs, and audit fees attributable thereto.

## COUNT THREE
## DELINQUENT CONTRIBUTIONS—ALTER-EGO LIABILITY
### ERISA Funds v. Dynamic Control Systems, Inc.

42. The above paragraphs are incorporated herein by reference as though duly set forth at length.

43. Defendant Dynamic has common ownership with Defendant Devine Bros., it operates out of the same business address, and performs work which constitutes covered work under the CBAs.

44. Defendant Dynamic, while incorporated separately, operates as a single employer with Devine Bros., and/or as an alter-ego and/or joint employer with Defendant Devine Bros. and thus is jointly and severally liable for the amounts set forth in Count One of this Complaint.

11

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Defendant Dynamic and Devine Bros. are a single employer, and/or that Dynamic is an alter-ego of Devine Bros. or joint employer under the CBAs with Devine Bros.

(2) Enter judgment in favor of the Plaintiffs and against Defendant Dynamic, jointly and severally with Devine Bros., for the principal, interest, liquidated damages, audit fees and attorneys' fees and costs found to be due under Count I.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: July 16, 2021